Stephen C. Pohl
Attorney at Law
1700 West Koch Street, Suite 5
Bozeman, MT 59715
Telephone: (406)586-3366
Fax: (406)585-0087

Attorney for Plaintiff

GALLATIN COUNTY CLERK
OF DISTRICT COURT
JENNIFER BRANDON

2012 AUG 30 PM 4 30

FILED

BY _____
         DEPUTY

MONTANA EIGHTEENTH JUDICIAL DISTRICT COURT, GALLATIN COUNTY

| | |
|---|---|
| DAVID WALSH, | |
| Plaintiff, | Cause No.: DV-12-621 cb |
| vs. | **COMPLAINT AND JURY DEMAND** |
| BRIDGESTONE RETAIL OPERATIONS, LLC a Delaware Corporation, | |
| Defendant. | |

COMES NOW the Plaintiff, David Walsh, and complains and alleges as follows:

### COUNT I – WAGE CLAIM

1. At all times relevant to the matters alleged in this Complaint, Plaintiff, David Walsh was a resident of Gallatin County, Montana.

2. At all times relevant to the matters alleged in this Complaint, Defendant, Bridgestone Retail Operations, LLC was a Delaware corporation licensed to do business in the state of Montana.

3. The Fair Labor Standards Act (hereafter "FLSA") applies to and governs the determination of issues in this case. In the alternative, the Montana Wage Protection Act ("WPA"), Mont. Code Ann. § 39-3-101 et seq. applies.

EXHIBIT A

4. Plaintiff was hired by Defendant as a retail salesperson at its Firestone Complete Auto Care Store in Bozeman, Montana in October 2009, and in April 2010 was promoted to Manager of Tire Sales. During the time he was a salesperson and the Manager of Tire Sales, Plaintiff was paid an hourly wage and received overtime pay at the rate of one and one-half times his hourly wage for all hours worked in excess of 40 hours a week.

5. On September 1, 2011, Plaintiff was promoted to Store Manager. At that time, Defendant advised Plaintiff that he was exempt from overtime, and began paying him a monthly salary with no overtime pay for hours worked in excess of 40 hours a week.

6. In December 2011, the Defendant imposed a freeze on overtime pay for all hourly employees in the district in which Bozeman is located. Up until that time, Plaintiff had regularly worked in excess of 40 hours a week, but from December 2011 until the date of his termination on June 7, 2012, Plaintiff regularly worked between 60 and 70 hours a week.

7. Plaintiff did not have the experience, education or responsibility to qualify as an "exempt" employee as that term is defined by the FLSA and the Montana Wage Protection Act, and was entitled to be paid at the rate of one and one-half times his normal hourly wage for all hours worked in excess of 40 hours a week from September 1, 2011 until his discharge on June 7, 2012.

8. Defendant was at all times aware that Plaintiff did not qualify as an exempt employee under the FLSA and the WPA.

9. The Defendant's violation of the FLSA and the WPA was willful and not in good faith.

## COUNT II – WRONGFUL DISCHARGE

Plaintiff restates and incorporates all previous allegations of his Complaint.

11. Defendant discharged Plaintiff from his employment on June 7, 2012 for causing "excessive overtime without district approval" after he left the store at 11:00 am on Saturday, May 26, 2012 and took the rest of the day off. As of that time, Plaintiff had worked six and a half straight days, a total of approximately 60 hours. As a result of the Defendant's willful and bad failure to pay overtime compensation to Plaintiff for hours worked in excess of 40 hours a week. Defendant did not compensate Plaintiff at his overtime rate for his excessive hours that week, and discharged Plaintiff when he took the liberty of not working any additional overtime hours without overtime pay.

12. The termination of Plaintiff's employment constitutes wrongful discharge in violation of Mont. Code Ann. § 39-2-904(1)(a), for the reason that it was in retaliation for Plaintiff's refusal to violate public policy or for reporting a violation of public policy.

13. The termination of Plaintiff's employment constitutes wrongful discharge in violation of Mont. Code Ann. § 39-2-904(1)(b), for the reason that the discharge was not for good cause and Plaintiff had completed Defendant's probationary period of employment.

14. The termination of Plaintiff's employment constitutes wrongful discharge in violation of Mont. Code Ann. § 39-2-904(1)(c), for the reason that the Defendant violated the express provisions of its own written personnel policy.

15. Defendant engaged in actual fraud or actual malice in discharging Plaintiff, entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff, David Walsh, prays as follows:

1. For an award of lost wages and fringe benefits for a period of four (4) years from May 7, 2012, together with interest thereon, in accordance with Mont. Code Ann. § 39-2-905(1);

2. For an award of punitive damages in an amount to be determined by the jury;

3. For an award of overtime pay for all of the hours Plaintiff worked for the Defendant in excess of 40 hours per week from the date on which Plaintiff was promoted as Store Manager until his discharge on June 7, 2012, together with interest thereon;

4. For an award of penalties or other damages, including, but not limited to, liquidated damages, provided for in the FLSA;

5. For reasonable attorney's fees, costs and disbursements incurred herein;

6. For an award of interest, including prejudgment interest; and

7. For such other and further relief as the Court may deem just.

RESPECTFULLY SUBMITTED this 30th day of August, 2012.

_____
STEPHEN C. POHL
Attorney at Law
1700 West Koch, Suite 5
Bozeman, MT 59715
Attorney for Plaintiff

## REQUEST FOR JURY TRIAL

Plaintiff respectfully requests that all issues be tried to a jury as provided by law.

DATED this 30 day of August, 2012.

*Stephen C. Pohl*
STEPHEN C. POHL
Attorney at Law
1700 West Koch, Suite 5
Bozeman, MT 59715
Attorney for Plaintiff

COMPLAINT AND JURY DEMAND-5

**Judge Mike Salvagni**
**Department 2**

MONTANA EIGHTEENTH JUDICIAL DISTRICT COURT, GALLATIN COUNTY

| | |
|---|---|
| DAVID WALSH, ) | |
| ) | |
| Plaintiff, ) | Cause No.: DV-12-621B |
| ) | |
| vs. ) | |
| ) | **SUMMONS** |
| BRIDGESTONE RETAIL ) | |
| OPERATIONS, LLC ) | |
| a Delaware Corporation, ) | |
| ) | |
| Defendant. ) | |

THE STATE OF MONTANA TO THE ABOVE NAMED DEFENDANT:
BRIDGESTONE RETAIL OPERATIONS, LLC:

You are hereby summoned to answer the Complaint in this action, which is filed in the office of the Clerk of this Court, a copy of which is herewith served upon you, and to file your answer and serve a copy thereof upon the Plaintiff's attorney, within twenty-one (21) days after the service of this Summons, exclusive of the day of service; and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

WITNESS my hand and seal of said Court this ___30___ day of August, 2012.

JENNIFER BRANDON, CLERK

(COURT SEAL)

BY: _Paula Cox_____
Deputy Clerk