Maxon R. Davis
DAVIS, HATLEY, HAFFEMAN & TIGHE, P.C.
101 River Drive North
Great Falls, MT  59401
(406) 761-5243
(406) 761-4126 (Fax)
max.davis@dhhtlaw.com
jeff.foster@dhhtlaw.com
*Attorneys for Defendant*
*Bridgestone Retail Operations, LLC*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| DAVID WALSH, | |
| Plaintiff, | |
| | No. CV 12-64-BU-DLC |
| vs. | |
| | **JOINT MOTION TO DISMISS** |
| BRIDGESTONE RETAIL | **ACTION WITH PREJUDICE AND** |
| OPERATIONS, LLC, | **APPROVE SETTLEMENT** |
| Defendant. | |

Defendant Bridgestone Retail Operations, LLC ("BSRO") and Plaintiff David Walsh, through their undersigned counsel, move the Court for an order dismissing this action with prejudice and approving the parties' settlement. In support of their motion, the parties state as follows:

1.	The Court stayed this action on April 30, 2013, and Plaintiff subsequently pursued his claims under Defendant's Employee Dispute Resolution Plan. (**Dkt. 18**)**.**

2.	With the assistance of a mediator, the parties have resolved all of Plaintiff's claims, including his claims under Montana law and his claims under the Fair Labor Standards Act ("FLSA"). The parties have negotiated a confidential settlement agreement.

3.	The parties request that the Court dismiss this action with prejudice, with all parties to bear their own costs and attorneys' fees. The parties further request that the Court

approve the parties' settlement. The parties' confidential settlement agreement fully and fairly resolves all outstanding claims and issues between the parties. The parties' settlement agreement was negotiated in good faith by and through counsel for the parties, with the assistance of the mediator. The parties' settlement constitutes a fair and reasonable compromise of disputed claims, including claims concerning the existence of any obligation on the part of Defendant to pay overtime to the Plaintiff pursuant to the FLSA, as well as the amount of any overtime compensation owed, if any. Both Plaintiff and Defendant agree that the settlement terms they have reached are fair and reasonable.

4. Each party is to bear its own costs and fees, except as otherwise set forth in the parties' confidential settlement agreement.

5. For the above reasons, the parties request that the Court approve the confidential settlement they have reached in this matter. *See, e.g., Lynn's Food Stores v. United States,* 679 F.2d 1350, 1355 (11th Cir. 1982).

6. The parties do not believe a hearing is necessary. However, should the Court wish to conduct a hearing, the parties respectfully request that it be held telephonically.

WHEREFORE, Defendant Bridgestone Retail Operations, LLC and Plaintiff David Walsh respectfully request that the Court enter an order dismissing this action with prejudice and approving the parties' settlement, and for such further relief as the Court deems proper.

DATED this 4th day of November, 2013.

| | |
|---|---|
| Plaintiff:<br>DAVID WALSH<br><br>/s/ *Stephen C. Pohl* (with consent)<br>Stephen C. Pohl<br>Attorney at Law<br>1700 West Koch, Suite 5<br>Bozeman, MT  59715<br>(406) 586-3366 | Defendant:<br>BRIDGESTONE RETAIL<br>OPERATIONS, LLC<br><br>/s/ *Maxon R. Davis*<br>Maxon R. Davis<br>Davis, Hatley, Haffeman &<br>Tighe, P.C. 101 River Drive<br>North<br>Great Falls, MT<br>59401 (406) 761-<br>5243 |